## KRAFT v. SMOTHERS.

### Opinion delivered April 8, 1912.

1. MUNICIPAL CORPORATIONS—SEWER ASSESSMENT—OUTLET BEYOND CITY.—Where a sewer is extended beyond the limits of a city or district in which the sewer is situated, as authorized by Kirby's Digest, § 5674, an assessment may be levied to secure such outlet. (Page 272.)

2. SAME—SEWERS—CONTROL.—Where an improvement district within a city is organized for the purpose of constructing a sewer, the sewer, when constructed, becomes subject to the control of the city. (Page 272.)

3. SAME—IMPROVEMENT DISTRICT—CREATION.—Under Kirby's Digest, § 5667, requiring the petition of a majority of the owners of real property to designate the nature of the improvements to be undertaken, the extent and character of an improvement, as expressed in the municipal ordinance, must substantially comply with the petition of the property owners upon which it is based. (Page 272.)

4.  SAME—IMPROVEMENT DISTRICT—CREATION.—Where the petition of the
    property owners asked for an improvement district "for the purpose of
    building a sewer system therein and making proper connection of the same
    into a system of septic tanks," an ordinance providing for laying off the
    district "for the purpose of building a sewer system therein, and making
    proper connection of the same into the system of septic tanks *and conduct-*
    *ing the effluent through standard sewer pipes into Fourche River,"* is a
    substantial variance from the petition, and is invalid.   (Page 272.)

Appeal from Pulaski Chancery Court; *John E. Martineau*
Chancellor; reversed.

*Moore, Smith & Moore* and *Thos. T. Dickinson,* for
appellant.

1.   The authority to levy taxes for local improvements
has its origin in the principle of local self-government.
67 Ark. 30.

·The filing of the petition of ten property owners being
mandatory and jurisdictional for the protection of property
owners, the city council has no authority to form an improve-
ment district until such a petition has been filed, nor to create
any district except such as is requested in the petition.   71
Ark. 561; 59 Ark. 344, 356-7; Kirby's Dig., § 5665, as amended
by Acts 1905, p. 300.

2.   The assessments and penalties in this case are illegal
and void because the ordinance provided for improvements
beyond the limits of the proposed district.   52 Ark. 130.

*J. W. & J. W. House Jr.,* for appellees.

The city council has not attempted to direct the con-
struction of the sewer beyond the city limits, as alleged;
but the conducting of the effluent beyond the city limits
from the septic tanks through pipes into Fourche river is
only an incident, and necessary to the establishment of the
sewer district within the city limits as shown in the petition.
The city council has the right and the power, whether granted
expressly by the statute or not, to require that the effluent
from the septic tank be conducted to some point beyond
the city limits if, in its judgment, the health of the citizens
requires it.   111 Fed. 972; 98 Am. St. Rep. 133; 83 S. W. 583;
138 Ill. 295; 140 Ill. 216; 147 Ill. 113; 36 Mich. 474; 20 Abb.
(N. C.) 131; 53 Am. St. Rep. 191, 112 Cal. 159; 39 Am. Rep.
135; 142 Ind. 123; 110 Mass. 443.

When there is a question of discretion, the action of the city council is conclusive. 204 Ill. 456; 162 Ind. 399; 33 Mass. 442; 87 Mich. 439; 58 N. E. 551.

HART, J. This action was instituted in the chancery court by the plaintiff, L. S. Smothers *et al.*, constituting the Board of Improvement of Sewer District No. 67, to enforce the payment of an assessment upon the property of C. L. Kraft situated within said district. The defendant, Kraft, filed an answer, subdivided into four separate paragraphs, in which he claimed that said assessments are illegal and void. The plaintiff demurred to the answer; the demurrer was sustained, and, the defendant declining to plead further, a decree was rendered in favor of the plaintiffs, and the defendant has appealed.

Counsel for the defendant contends that the assessment on his lots described in the complaint is illegal and void, (1) because ordinance No. 1667 of the city of Little Rock, passed March 27, 1911, creating this sewer district, was not in conformity with the first petition of ten or more property owners praying for the establishment of said district, in that the first petition asked the city council to lay out the property in said petition described, being the same property that is described in said ordinance, into an improvement district "for the purpose of building a sewer system therein, and making proper connection of the same into the system of septic tanks, and that said ordinance created and established said sewer district for the purpose of constructing a sewer system and making proper connection of the same into a system of septic tanks and conducting the effluent through standard sewer pipes into Fourche River;" (2) because said ordinance 1667 provided for an improvement beyond the limits of said improvement district, in that it provides for the construction of standard sewer pipes from the septic tanks to Fourche River, and it will be necessary for the Board of Improvement to construct a sewer main outside of the district for the distance of a mile or over; that the board is not authorized to undertake to make an improvement, or to expend money therefor outside of the district as established by the city council.

An outlet to a sewer system is an essential part thereof; and the Legislature, realizing that, in the proper construction of a sewer system, it will sometimes be necessary to go outside of the limits of the city or district in which the sewer is situated to obtain a proper outlet, provided that a sewer may be extended outside of the limits of any such city or improvement district. Kirby's Digest, § 5674. In such cases an assessment may be levied to secure an outlet for the sewer, even if such outlet is estimated outside of the district. Page & Jones, Taxation by Assessment, § 447.

When an improvement district is organized for the purpose of constructing a sewer, the sewer, when constructed, becomes subject to the control of the city. *Pine Bluff Water Co.* v. *Sewer Dist.*, 56 Ark. 205. The right of a municipality to control the use of its drains and sewers is a necessary incident to their ownership, hence the city council has the power to impose any reasonable condition and regulations in regard to the outlet of the sewer, and in the exercise of such power to require that the effluent from the septic tanks should be carried beyond the city limits to Fourche River. But that is not the question here. Our Legislature has prescribed the manner in which improvement districts may be organized; and, pursuant to the power delegated to it, the city council passed the ordinance in question for the purpose of creating the sewer district. The foundation of the improvement was the petition of the owners of real property situated in the proposed district. Under the statute, the extent and character of the improvement, as expressed in the ordinance, must substantially comply with the terms of the petition upon which it is based. *Watkins* v. *Griffith*, 59 Ark. 344.

Hence, the question for decision is, was there material variance between the improvement asked for in the petition and that expressed in the ordinance creating the district? It will be noted that the petition of the property owners is for an improvement district "for the purpose of building a sewer system therein and making proper connections of the same into the system of septic tanks." The ordinance created and established said district for the purpose of constructing a sewer system and making proper connection of the same

into a system of septic tanks and conducting the effluent through standard sewer pipes into Fourche River.

This would necessitate the acquisition of rights-of-way for the main for that distance, and would entail the added cost of laying the main. It is evident that this would greatly enlarge the cost of the construction of the sewer, and would materially alter and change the character and extent of the improvement asked for by the petitioners. It would impose upon the property owners of the proposed district enlarged and additional burdens, which were not contemplated by the petitioners, and which could not have been reasonably anticipated by the property owners from the language of the petition.

Other defects to the organization of the district are alleged in the answer, but the views we have expressed renders it unnecessary to pass upon them.

It follows that the court should not have sustained the demurrer to the first and second paragraphs of the answer, and for the error in so doing the decree must be reversed, and the cause will be remanded with directions to the court to overrule the demurrer to the first and second paragraphs of the answer and for further proceedings.