## NORTON v. BACON.

## Opinion delivered July 6, 1914.

1. IMPROVEMENT DISTRICTS—FORMATION—PUBLICATION OF NOTICE—JURIS-
DICTION OF COUNTY COURT.—The publication of notice describing the
land to be included in a proposed improvement district is jurisdic-
tional, and the county court has no authority to form a district
until notice has been published in accordance with the terms of
the statute. Act 402, Acts 1909, p. 1153. (Page 568.)

2. IMPROVEMENT DISTRICTS—PUBLICATION OF NOTICE—DESCRIPTION OF
LANDS.—Act 402, Acts 1909, providing for the formation of road
improvement districts, provides for the publication of a notice
which shall contain a correct description of the lands to be affected
by the formation of such district. The description must be suffi-
cient to put all land owners upon notice. (Page 568.)

3. IMPROVEMENT DISTRICTS—DESCRIPTION OF LANDS—VARIANCE BETWEEN
PLAT AND NOTICE.—A variance between the description of lands to
be included in a road improvement district to be formed under
Act 402, Acts 1909, in the plat and in the notice, will be held fatal,
and will invalidate the formation of the district. (Page 569.)

Appeal from Lincoln Chancery Court; *John M.
Elliott,* Chancellor; reversed.

*Danaher & Danaher,* for appellant.

The only question in this case is whether the
mistake in the description of the land invalidated the
formation of the district. The law plainly requires that
the petition *shall* describe the territory to be included,
and *shall* be accompanied by a plat, etc. Proper notice
is jurisdictional. Act 402, 1909, p. 1153; 104 Ark. 298.

*E. L. Carter,* for appellees.

104 Ark. 298, was based upon different grounds.
Kirby's Dig., § 5665; Acts 1909, p. 1153. The plat filed
distinctly showed that part of section 6 was included in
the district. The burden was on appellant to show that
a majority of the property owners did not sign the peti-
tion or that there was fraud. 98 Ark. 543.

McCULLOCH, C. J. A road improvement district in
Lincoln County was formed by an order of the county
court, made upon petition of property owners in the dis-

trict to be affected, pursuant to Act No. 402 of the General Assembly of 1909.

Appellant owned property in the district, and, after the district was formed and proceedings were begun thereunder toward the assessment of property for the improvement, he instituted this action to restrain such proceedings, alleging that the order of the county court is void for the reason that neither the boundaries of the district nor the lands situated therein were described in the published notice.

The chancery court sustained a demurrer to the complaint, and an appeal has been prosecuted to this court.

According to the allegations of the complaint, the petition for the improvement undertook to describe the tracts of land to be affected, and a plat was filed with the petition giving a description of the lands to be included in the district and also showing the boundaries of the district; but the published notice which preceded the order of the court only set forth the description of the land as stated in the petition.

Section 6, township 9 south, range 5 west, is, as alleged in the complaint, an irregular section, according to the plat of the public survey, and the subdivisions thereof are numbered as lots. A portion of that section is included in the boundaries as shown in the plat and also by description of certain lots set forth in the petition and notice; but there is a variance between the description in the petition and notice and in that portion of the section included in the boundaries shown on the plat. That is to say, there is a variance if it be true, as alleged in the complaint, that the lots described inside of the boundaries do not answer to the description of those lots according to the plat of the public survey. Those lots contain 200 acres and lie along the west boundary line of the section and the east boundary of the districts. The lots included in the boundaries shown on the plat are described in the Government surveys as west half lot 5 and lots 6 and 17; whereas, in the petition and plat and in the

published notice that territory is described as lots 4, 5, 12, 13 and 20.

The plat of the public survey, as exhibited with the complaint, shows that lots 4, 12, 13 and 20 are situated in another portion of section 6 and are not contiguous to the other territory embraced in the district.

We have, therefore, according to the allegations of the complaint, a case where the notice does not conform to the plat filed with the petition, and the question raised is whether or not that avoids the proceedings.

The statute under which the district was formed reads as follows:

"Whenever a majority in value of the owners of real property in a county, or any part of a county, such majority in value to be determined by the assessment for purposes of general taxation in force at the time, shall present a petition to the county court of any county in this State, praying for the formation of a road improvement district, the said county court shall, after having given public notice for twenty days by printed copies posted in ten places in said county, or part thereof, one of which shall be posted on the principal door of the courthouse of said county, or by publication in some newspaper in said county, determine the fact that such petition is so signed by such majority in value of said land owners. The said petition shall be accompanied by a map or plat of the particular part of said county to be included within the boundaries of said district, if the said boundaries be less than the entire area of said county; and the said designated boundaries shall be plainly indicated so that no controversy may arise as to the limits of the same. Said petition shall also contain a general description of the proposed road, stating starting point, route, and terminous, as near as practicable." Section 1, Act No. 402, Acts of 1909, p. 1153.

There can be no doubt that the publication of notice describing the land is jurisdictional, and the county court has no authority to form a district until notice has been published in accordance with the terms of the statute.

The statute does not undertake to prescribe what the notice shall contain, but it is manifest that it is intended to contain a correct description of the lands to be affected, so that property owners may have an opportunity to know that their lands are about to be proceeded against, or to be included in the formation of the district. There must be such a description as would be sufficient to put all of the land owners on notice.

Now, according to the allegations of the complaint, the plat includes 200 acres of land which were not correctly described in the notice, and this makes a fatal variance between the notice and the plat. The fact that the plat and the notice both contain the same erroneous description does not obviate the variance, as the plat gives the exterior boundaries of the district and includes that area, even though the description by lot numbers is erroneous. To exclude the territory from the plat would be to form a district of less territory than that included in the boundaries set forth therein; and, on the other hand, if we should include that territory in the district, it would be done without notice having been given to the owner as required by the statute. So we think that there is a fatal variance between the description of the lands embraced in the notice and those included in the plat and that this invalidates the formation of the district.

The same principle was involved in the case of *Voss v. Reyburn*, 104 Ark. 298, where we held that (quoting from the syllabus), ''where an attempted publication of an ordinance creating an improvement district omitted two half-blocks from the proposed improvement district, the variance is material and destroys the validity of the attempted organization.''

That case related to an improvement district formed under general statute in a municipality, and publication of the ordinance was required, whereas under the statute which governs in this case notice was required to be published before the order is made forming the district. The two things are, however, of equal importance and

the same principle governs in each of the cases. In that case we said:

"The omission from the publication of the ordinance designating the district of the half of two blocks, containing twelve lots, is so material and important a variance from the petition and ordinance as passed as to destroy the validity of the attempted organization of the district. It was, in legal effect, no publication at all, and did not comply with the statutory requirement. The object of designating the boundaries of the district was to enable the property owners included therein and affected thereby to easily ascertain what property was included in the district. * * * It would be very unjust to property owners to include them in the district without giving them the opportunity, if they deemed it unwise, to protest against it and to endeavor to convince and persuade their neighbors of its inexpediency. This right is intended to be guaranteed to every owner of land in the district by the statute under consideration."

It follows that the chancellor was wrong in sustaining a demurrer to the complaint. Reversed and remanded, with directions to overrule the demurrer.