McRaven v. Clancy.

Opinion delivered November 2, 1914.

Local improvement—organization—petition—publication of notice—variance.—In the organization of a local improvement district under Kirby's Digest, § 5666, a certain lot was omitted from the publication, although it was included in the original petition and the ordinance. *Held*, the statute is mandatory and a proper publication being jurisdictional, the statute must be strictly complied with, and the district held not to be properly organized.

Appeal from Pulaski Chancery Court; *Jno. E. Martineau*, Chancellor; reversed.

STATEMENT BY THE COURT.

This suit was brought by a property owner within the limits of proposed improvement district No. 6, East

Pulaski Heights Addition. The undisputed facts are that ten property owners of the proposed improvement district addressed to the city council of Pulaski Heights a petition praying that certain lots and blocks, including among others, lots 10, 11 and 12, in block 13 of the town of Pulaski Heights, be created into an improvement district. An ordinance was passed by the city council granting the prayer of the petition and designating the district as No. 6.

In the publication of said ordinance lot 11 in block 13 was omitted from the publication, although it was included in the original petition and in the ordinance.

The plaintiff below brought this suit to restrain the commissioners from proceeding to make the improvement contemplated by the ordinance, setting up the above facts. The commissioners, admitting that the above facts were true, nevertheless claimed that the ordinance was valid for the following reasons: "That lot 10 and the west half of lot 11, block 13, town of Pulaski Heights, is the property of F. B. T. Hollenberg, and that the east half of lot 11, block 13, is the property of Cravens Hollenberg Reid; that lot 10 and lot 12 were included in the said publication of the ordinance, and that these being in the same ownership as lot 11, was notice to each of the owners of lot 11 of the creation of said district, and was a sufficient compliance with the statute as to publication. That a second petition containing the signature of a majority in value of said district was signed by both Hollenberg and Reid, the owners of lot 11, block 13, and was notice to each of them of the creation of the district and the extent thereof."

The court, upon the above undisputed facts, found that the inclusion of lots 10 and 12, block 13, town of Pulaski Heights, in the publication of the ordinance was sufficient notice to the owners of lot 11 of the formation of said district, and that inasmuch as the owners of lot 11 signed a second petition praying for the improvement it was immaterial that lot 11 was not shown in the pub-

lished ordinance, and that the statute relating to the publication of the ordinance had been sufficiently observed, and that the district had been validly organized, and entered a decree dismissing plaintiff's complaint for want of equity.

*L. P. Biggs,* for appellant.

The omission of lot 11, block 13, from the publication of the ordinance destroyed the validity of the ordinance. 104 Ark. 298.

*J. B. Webster,* for appellees.

The statute requiring the publication of the ordinance creating the district was for the purpose of giving notice of its formation. 104 Ark. 298; 67 Ark. 30-43.

The owners of lot 11, by signing the second petition had notice of the creation of the district, and are estopped from calling in question the organization of the district, or the validity of the assessment. 70 Ark. 452.

Wood, J., (after stating the facts). In *Voss* v. *Reyburn,* 104 Ark. 298-301, this court, following the decision in *Crane* v. *Siloam Springs,* 67 Ark. 30, held, that "the publication of the ordinance of the city council establishing the district as required by this statute is mandatory and essential to the creation of a local improvement district." We further held, that, "the publication of this notice in the manner prescribed by the statute is jurisdictional, and the district is not created without it." See *Norton* v. *Bacon,* 113 Ark. 566.

The omission from the publication of one lot which was included in the petition and ordinance creating the district can not be said to be an immaterial variance. The statute* being mandatory and jurisdictional, must be strictly complied with, and other notice than that contained in the statute of the passage of the ordinance is not sufficient and can not be substituted for the notice prescribed by the statute. It matters not, therefore,

---

*Kirby's Digest, § 5666. (Rep.)

that the owners of the omitted lots had notice in some other way of the proposed creation of the district. The district was not created without the notice prescribed by the statute.

It follows that the court erred in dismissing the complaint, and the judgment is therefore reversed and the cause will be remanded with directions to enter a decree peremptorily enjoining the appellee from proceeding to make the proposed improvement under the supposed authority of the ordinance creating improvement district No. 6 of the town of Pulaski Heights.