THE ARKANSAS LAND DEVELOPMENT COMPANY *v.* BAYOU DEVIEW DRAINAGE DISTRICT No. 1.

Opinion delivered October 16, 1916.

1. DRAINAGE DISTRICTS—FORMATION—REPORT AND MAP—VARIANCE.— Where a drainage district is organized under Act 279, Acts of 1909, as amended by Act 221, Public Acts 1911. There being no provision in the statutes for filing anything more than a report by the engineer, which must describe the lands to be benefited, the filing also of a map will be treated as surplusage, and any variance between the published notice and the description in the map will be immaterial.

2. DRAINAGE DISTRICTS—FORMATION—COLLATERAL ATTACK—PRESUMPTION.—In a collateral attack upon the organization of a drainage district it will be presumed that the county court considered the correctness of the survey and report when the hearing was given to property owners in response to the published notice; and the fact that the report was filed on the day of the appointment of the engineer will not necessarily imply that the survey was insufficient.

Appeal from Cross Chancery Court; *E. D. Robertson,* Chancellor; affirmed.

*Partlow & Shane,* for appellant.

1. The organization of the district is illegal, invalid and void for two reasons. (1) There is a variance between the descriptions of lands in the engineer's report and the maps filed with his report. 113 Ark. 566.

2. The amended petition was filed and the engineer was appointed and his report filed on the same day, viz.: April 12, 1915. It is apparent that no proper or sufficient survey could have been made. Acts May 27, 1909, p. 829, as amended by Act April 28, 1911, p. 193. This was a case of unparalleled celerity. Acts fixing a lien on lands should be strictly construed and the acts of all officials closely scrutinized, as the highest faith and most efficient service is required.

*Burr & Stewart,* for appellees.

1. The variance is not fatal. The case 113 Ark. 566 does not apply. 179 S. W. (Ky.) 339. This is a collateral attack.

2. The other objection is not tenable. Every requirement of the act was complied with. The record shows

this and the district was legally organized; the court properly so held.

McCULLOCH, C. J. Appellant owns land affected by the organization of the drainage district designated as Bayou DeView Drainage District No. 1 of Cross, Jackson and Woodruff counties, and instituted this action in the chancery court of Cross county attacking the validity of the organization. The chancery court sustained a demurrer to the complaint and rendered a decree dismissing it when appellant declined to amend.

The first point of the attack is that the engineer appointed to make a preliminary survey and report filed both a report and a map of the territory, and that the report embraced a description of lands not shown on the map so filed by the engineer. Counsel for appellant rely on the case of *Norton* v. *Bacon*, 113 Ark. 566, where it was held that a variance between the description of the lands on the plat or map and that given in the published notice was fatal to the legality of the organization. There is, however, a different statute to be dealt with in the present case, and it contains no requirement for the filing of a plat or map.

1. The statute (Act No. 279 of May 27, 1909, p. 829, as amended by Act No. 221 of April 28, 1911, p. 193) provides that the engineer appointed by the county court shall "proceed to make a survey and ascertain the limits of the region which would be benefited by the proposed system of drainage; and such engineer shall file with the county clerk a report showing the territory which will be benefited by the proposed improvement, and giving a general idea of its character and expense, and making such suggestions as to the size of the drainage ditches, and their location as he may deem advisable." Nothing is said in the statute about the engineer furnishing a map. It is provided that the clerk shall then give notice "calling upon all persons owning property within said district to appear before the court on some day to be fixed by the court, to show cause in favor or against the establishment of said district." There be-

ing no provision in the statute for filing anything more than a report which must describe the lands to be benefited, the filing of the map must be treated as surplusage, and any variance between the published notice and the description in the map would be immaterial. We are of the opinion, therefore, that the attack on the validity of the district is unfounded.

2. The next point of attack is that the amended petition was filed on April 12, 1915, and that the engineer was appointed and filed his report on the same day. It must be remembered that the present suit constitutes a collateral and not a direct attack upon the validity of the proceedings, and we must assume that the county court considered the correctness of the survey and report when the hearing was given to property owners in response to the published notice. The fact that the report was filed on the day of the appoinment of the engineer does not necessarily imply that the survey was insufficient.

The complaint in the case shows that the order was made upon an amended petition in the proceeding which had been pending in the court for a considerable time, and that the same engineer had previously been appointed by the court. The statute (Act of 1911, *supra*) contains a provision that "when an engineer has been appointed and has made complete survey and report thereof, and for any reason the improvement has been abandoned and the proceedings dismissed, and afterwards proceedings are instituted for the establishment of a ditch or drain, or the changing of a water course, for the benefit of reclamation of the same territory surveyed in said former proceedings, or a part thereof, and territory additional thereto, the engineer shall use the engineer's report, survey, stakes and monuments made in said former proceedings, as far as practicable, or as much thereof as may be applicable." This is a direct expression of the legislative will to the effect that the survey of the engineer may be used even though made prior to the order of his appointment. It is therefore unimportant, under the statute, when the survey is made if it is found by the

court on the hearing of the matter to be correct and to be available for use in the organization of the district. But aside from any statute on the subject, we are of the opinion that in a collateral attack such an apparent inconsistency in the report would not defeat the organization of the district found otherwise to be legal in every respect.

The two attacks made in the complaint being found to be insufficient it follows that the chancellor was correct in sustaining the demurrer, and the decree is therefore affirmed.