JARRETT v. BAIRD.

Opinion delivered November 5, 1923.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENT DISTRICT—BOUND-
ARIES.—Under Crawford & Moses' Digest, § 5649, an ordinance
organizing a street improvement district in a city or town is
required to designate the boundaries thereof so that the district
may be easily distinguished; and where the boundaries are
designated by lots and blocks, instead of by metes and bounds, the
lots and blocks must be described in such manner as to notify
owners that a charge is to be made against their property.

Appeal from Pulaski Chancery Court; *John E.
Martineau,* Chancellor; reversed.

*Melbourne M. Martin,* for appellants.

The description used in the petition refers to the
east and west halves of the blocks lying adjacent to
Pine Street, and, if there is any misdescription, it is
merely a misnomer of the addition and not of the prop-
erty itself, which is harmless error, as the description
used was sufficient to put property owners upon notice.
148 Ark. 629; *Id.* 634; 3 Ark. 18.

*Schoggen & Shepherd* and *J. F. Clifford,* for appel-
lees.

The description of the property to be included in the
district as contained in the first petition does not com-
ply with § 5649, C. & M. Digest. The purpose of com-
plying with statutory provisions in forming improve-
ment districts is to notify property owners that a charge
is proposed to be made against their property. 116 Ark.
167; 130 Ark. 161; 103 Ark. 269; 108 Ark. 141; 104 Ark.
298; 115 Ark. 163. A variance between the notice and
plat filed is fatal. 113 Ark. 556. The case relied upon
by appellant at 148 Ark. 629 is not in point. There a
description was made by metes and bounds. The error
in description in the first petition rendered all subse-
quent proceedings void. 71 Ark. 556; 115 Ark. 163; 116
Ark. 167; 104 Ark. 298.

HUMPHREYS, J. Appellees, property owners in
Street Improvement District No. 326 of the city of Lit-

tle Rock, instituted suit in the chancery court of Pulaski County against appellants, commissioners, collector, treasurer and attorney of said district, attacking the validity thereof and seeking to enjoin all proceedings therein. The attack was upon the alleged ground that their property, consisting of seventeen lots in Wayman's Addition to the city of Little Rock, abutting upon the street to be improved, and assessed to pay for said improvement, was not included in the district by sufficient description to apprise them that a charge was proposed to be made against their property. In the organization of the district the lots in question were attempted to be described in the first petition as the "east half (½) blocks 5, 6, 7, 8 and the west one-half (½) of blocks 9, 10, 11 and 12, Neimeyer's Addition; all of said property herein mentioned lying situate in the city of Little Rock, Arkansas."

The lots were described in substantially the same way in the ordinance creating the district as well as the publication thereof in the Little Rock Daily News. In assessing the benefits against the several lots embraced in the district, the lots in question were described as being in Wayman's Addition to the City of Little Rock, Arkansas.

The record reflects the following facts: The owner of the NE¼, SW¼, section 8, tp. 1, N. R. 12 W., Pulaski County, Arkansas, platted it into lots and blocks in the year 1904 and designated it as Wayman's Addition to the City of Little Rock, Arkansas. He sold a number of the lots to individuals, and in 1907 sold the remainder of the addition to the Mercantile Trust Company. The Mercantile Trust Company replatted the addition and designated it as the Neimeyer Addition to the City of Little Rock, Arkansas. In replatting same the block numbers, streets and alleys were not changed. The only change made was to cut the lots purchased by it in two, making them twenty-five feet instead of fifty feet wide. According to the petition and ordinance, Pine Street was to be

improved between the south side of Thirteenth Street and the north side of Asher Avenue. Pine Street is the center street running north and south through the Wayman & Neimeyer Addition. The organizers of the district intended to embrace in the district all lots adjacent to and on both sides of Pine Street between said points. Appellees owned lots 11 and 12, block 5; lots 9, 10, 11 and 12, block 6; east half (½) of block 8, and the west half (½) of block 11, all being in Wayman's Addition to the City of Little Rock, adjacent to Pine Street and lying between the points to be improved.

The vital question to be determined on this appeal is whether the attempted description in the original petition, ordinance and publication thereof properly described appellees' lots. In organizing an improvement district in an incorporated town or city the statute law requires that the boundaries thereof be designated so that the district may be easily distinguished. Section 5649, Crawford & Moses' Digest. Where the boundaries are designated by lots and blocks, instead of by metes and bounds, it follows, as a matter of course, that the lots and blocks must be described in such manner as to notify owners that a charge is to be made against their property. *Kraft* v. *Smothers,* 103 Ark. 269; *McRaven* v. *Clancy,* 115 Ark. 163; *Riddle* v. *Ballew,* 130 Ark. 161. The description employed in the organization of this district conformed to the rule announced and met the requirements of the statute. It is true, the lots belonging to appellees adjacent to Pine Street, between the points to be improved, were described as being in Neimeyer's Addition to the City of Little Rock, Arkansas, and did not mention Wayman's Addition to said city, but, according to the testimony, the same forty-acre tract was embraced in the two plats when filed for record. The alleys, streets, and block numbers are identical in each plat. The Neimeyer survey and plat adopted the Wayman survey and plat, with the one exception of cutting the lots owned by the Mercantile Trust Company in two so as to make

them twenty-five instead of fifty feet wide. The Neimeyer plat overlapped the Wayman plat and covered the entire forty-acre tract covered by the Wayman plat. It is true that the "bill of assurance" attached to the Neimeyer plat only purports to be a re-plat of certain lots and blocks of Wayman's Addition, owned at the time by the Mercantile Trust Company, but the plat filed by it embraced all the property embraced in the Wayman plat and "bill of assurance" attached thereto. Since both plats described the identical property by the same plat numbers, and since the alleys and streets are identical in both, the effect was to furnish two methods by which to identify and describe the blocks therein. The lots owned by appellees adjacent to Pine Street, between the points to be improved, appear on the recorded plat of each addition, hence a description of them by blocks, or parts of blocks, in either addition, was sufficient to put appellees on notice that their lots were included in the district. The decree therefore, invalidating the district and enjoining proceedings therein, is reversed, and appellees' bill is dismissed for want of equity.

Justice HART dissents.