BUCHANAN *v.* STREET IMPROVEMENT DISTRICT No. 4.

Opinion delivered March 3, 1924.

MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—CLERICAL ERROR IN PETITION.—Where the first petition for a street improvement district correctly described the streets to be included, an error in the second petition describing one street as west instead of east of certain lots did not render the ordinance creating the district void, as the error was obviously clerical, and reference to the lots was unnecessary to a definite description.

Appeal from Greene Chancery Court; *M. P. Huddleston,* special chancellor; affirmed.

*Jeff Bratton,* for appellant.

*R. P. Taylor,* for appellee.

SMITH, J. This appeal involves the validity of a street improvement district in the city of Paragould. In the initial petition the streets to be improved were properly described. This petition designated West Court as one of the streets to be improved from a point in that street west to Fourteenth Street, and also designated King's Highway as a street to be improved from a point in that street west to Fourteenth Street. In other words, both West Court and King's Highway were to be improved to their intersection with Fourteenth Street, the latter being a street connecting the two former. Fourteenth Street was to be improved, and it was designated as follows: "Fourteenth Street, or the street lying immediately east of lots 1, 2, 3, 4, 5, 6 of SE¼ of SW¼ of section 36, township 17 north, range 5 east, in Greene County, Arkansas, from West Court street to and including the intersection of King's Highway, or Cemetery Road."

The second petition contained the names of the requisite majority of property owners, but it described Fourteenth Street as lying immediately west of lots 1, 2, 3, 4, 5 and 6. The description employed of the streets to be improved in both the first and second petitions was identical, except that, in the first petition, Fourteenth Street was described as lying east of lots 1, 2, 3, 4, 5 and

6, whereas in the second petition Fourteenth Street was described as lying west of said lots.

It is said that the discrepancy in description renders void the ordinance of the city council creating the improvement district. The court below, however, held that the description was sufficiently definite and certain, and upheld the ordinance. The correctness of this holding is the question for decision.

The city limits coincide with the western boundary line of the lots described, and all land lying west of the boundary line of the lots lies without the city limits. There is therefore no street in Paragould west of the lots.

The testimony shows, however, that Sam McHaney, the owner of the land adjoining the lots described, laid off a portion of said land and called the part so laid off McHaney's Addition to Paragould, but no plat of the so-called addition was ever filed, and there has been no dedication of the streets and alleys in that addition. After McHaney had laid off his addition he removed the fence along the eastern boundary line of his farm, and there was a passway for wagons running for a short distance near the west boundary line of said lots, but proceeding diagonally therefrom in a northwesterly direction to a point of junction with the county road running west from the city.

We think the substitution of the word west for the word east is so obviously a clerical error that it may be disregarded. No one would assume that the city, by an ordinance of its council, was undertaking to authorize the improvement of a street lying without the limits of the city. There is only one street named or numbered fourteenth in the city, and it runs east, and not west, of the six lots described, and it connects West Court and King's Highway, and makes the improvement of those streets a continuous one. The improvement of West Court and of King's Highway stops at the intersection of those streets with Fourteenth Street, and if Fourteenth Street, which lies east, and not west, of the lots, is not improved, the connecting link between West Court and King's High-

way will be broken, and the improvement will not be a continuous one.

Lots 1 to 6 extend from ¡West Court to King's Highway, and they have Fourteenth Street as their eastern boundary, and the reference to those lots was a mere attempt to make more definite a description which was otherwise definite and certain, and the description of that street as lying west, instead of east, of the lots does not, of course, change its position or prevent it from being the necessary connecting link to make the proposed improvement continuous and contiguous.

We think no one could be misled by the obvious error, and that Fourteenth Street between West Court and King's Highway was sufficiently and properly described, and is a part of the proposed improvement. *Jarrett* v. *Baird,* 161 Ark. 31; *Castle* v. *Sanders,* 160 Ark. 391.

We conclude that the description of the streets to be improved was sufficiently definite and certain, and that the mere clerical error above referred to did not render it indefinite or uncertain, and the decree of the court below so holding is affirmed.