BENNETT *v.* KELLEY.

Opinion delivered May 13, 1929.

*John Baxter* and *Will J. Irvin,* for appellant.

*A. Z. Golden* and *J. M. Golden,* for appellee.

KIRBY, J., (after stating the facts). The law is well settled that the publication of the ordinances of the city or town council establishing the improvement district, as required by the statute, is mandatory and essential to the creation of a local improvement district, the publication of the notice in the manner prescribed by the statute being jurisdictional, and without which the district cannot be created. *McRaven* v. *Clancy,* 115 Ark. 163, 171 S. W. 88; *Voss* v. *Reyburn,* 104 Ark. 298, 148 S. W. 510; *Crane* v. *Siloam Springs,* 67 Ark. 30, 55 S. W. 955; *Norton* v. *Bacon,* 113 Ark. 566, 168 S. W. 1088.

This case is unlike *McRaven* v. *Clancy, supra,* wherein a lot which was included in the petition for and ordinance creating the district was omitted from the publication of the ordinance, and *Voss* v. *Reyburn, supra,* wherein one-half of two blocks containing 12 lots was omitted from the publication of the ordinance, and such omissions held to be material variations from the petitions and ordinances as passed, destroying the validity of the attempted organization of the districts.

Here no territory was omitted from the ordinance as published, but only an alley, the paving of which was

provided for, described as ''between lots 1 and 2, block 3, from Iowa Street south to the alley running east and west across block 3,'' the alley in fact being between lots 2 and 3, block 1, there being no alley between said lots 1 and 2, block 3. The alley is shown by the plat exhibited with the complaint and located between lots 2 and 3, in block 1, as correctly described in the petition and ordinance, which is the only alley running south from Iowa Street in the district. This incorrect location of the alley in the published ordinance could not have had effect to authorize the opening and laying out of such an alley in the block where none existed, nor could it have misled the commissioners in any way, nor prevented their making the improvement of the alley as laid out in fact and correctly described in the petition for and the ordinance creating the district, it being the only alley in the district for improvement leading south from Iowa Street, as designated, in the publication of the ordinance even, and the variance cannot be regarded as material.

Neither can the other alleged variance in the boundary of the district in the publication of the ordinance from the boundary correctly described in the petition for and ordinance creating the district be regarded as so material or important as to affect the validity of the organization of the district. As already said, it excludes no territory from the district as created by the ordinance, but includes a small triangular piece of School Street and a part of the southeast corner of lot 3, block 5, Lambert's addition, outside of and immediately north of lot 4, block 5, inside of the district. The amount of the territory included is negligible, being only the small strip taken in by extending the line diagonally across School Street to the northwest corner of lot 4, block 5, Lambert's Addition, 57.2 feet wide, instead of across said street to the northeast corner of said lot 4 and thence straight west to the northwest corner of lot 4. The description of the boundary as published and as it should have read is as follows:

"Thence across School Street to the northwest corner of lot 4 of block 5 of Lambert's Addition; thence west to the northwest corner of lot 5 of block 5 of Lambert's Addition," when said description should have read, and so read in the original petition and ordinance: "Thence across School Street to the northeast corner of lot 4 of block 5 of Lambert's Addition; thence west to the northwest corner of lot 5 of block 5 of Lambert's Addition."

A property owner within the district seeking to ascertain its true boundaries could not have been misled by this description in the published ordinance, and on comparison thereof with the correct description in the original petition for and ordinance as enacted by the council, would easily have perceived that designating the northwest corner of lot 4, block 5, Lambert's Addition, instead of the northeast corner of said lot as correctly included in the ordinance, was but the result of a clerical misprision, and certainly the owner of said lot 4 could not have been misled about its inclusion in the district, since both descriptions showed it to be within the boundaries thereof. These patent clerical or typographical errors in the published description of the boundaries of the district did not invalidate the ordinance creating it.

The chancellor erred in holding otherwise, and the decree is reversed, and the cause remanded with directions to sustain the demurrer and dismiss the complaint for want of equity.