AMERICAN STATE BANK, CHARLESTON, ARK., v. STREET IMP. DIST. No. 3.

4-5473                                          125 S. W. 2d 796

Opinion delivered March 6, 1939.

*Arnett & Shaw*, for appellant.

*A. N. Hill* and *T. A. Pettigrew*, for appellee.

GRIFFIN SMITH, C. J. Invalidation of Street Improvement District No. 3 of the town of Charleston, Arkansas, was sought in a proceeding instituted by appellant, the allegation being that there was material variation in boundaries declared in the petition and those shown in the statutory notice[1] as published.

In substance the agreed statement is: Second street, under the description proposed in the petition, would be paved from Greenwood street to Prairie street. Second street runs east and west. Vine street is one block east of Prairie. In the newspaper publication there are two descriptions: (a) That shown by the petition, "Second street from Greenwood to Prairie" (correct), and "Second street from Greenwood to Vine." The latter description extends the proposed improvement one block, but the betterment area is not affected.

It is conceded by appellant that the added description is a duplication insofar as it identifies the paving from Greenwood to Prairie street, and that it is a clerical or printer's error as to the extension from Prairie to Vine. It is also stipulated that the error is not prejudicial.

The law is well settled that publication of notice is jurisdictional. The facts having been shown, a stipulation cannot affect the result unless, as a matter of law, the error or misprision may be excused. In the absence of publication in substantial compliance with statutory

---

[1] Pope's Digest, § 7281.

requirements, the town council was powerless to proceed with formation of the district.

The reports are full of cases sustaining the view that the petition, the notice, and the ordinance must be in harmony. In these cases we find the following expressions:

"The foundation of the improvement was the petition of the owners." [2]

"Under the statute the extent and character of the improvement, as expressed in the ordinance, must substantially comply with the terms of the petition upon which it is based." [3]

"A special limited jurisdiction is conferred upon the city council to lay off the district as designated by the property-owners in the first petition, and the council must conform strictly to the authority conferred upon it." [4]

"It is essential that there be no uncertainty about the improvement which it is proposed to make. All of the decisions make it plain. . . . The details and plans of the improvement may be worked out by the board of improvement after the establishment of the district petitioned for, but the discretion of the board is limited to carrying out the purpose of the petition." [5]

"It is the duty of the city council to pass an ordinance in substantial compliance with the terms of the petition upon which it is based." [6]

"The omission from the publication of one lot which was included in the petition cannot be said to be an immaterial variance." [7]

---

[2] *Smith* v. *Improvement District No. 14*, 108 Ark. 141, 156 S. W. 455, 44 L. R. A., U. S., 696.

[3] *Smith* v. *Improvement District No. 14, supra.*

[4] *Smith* v. *Improvement District No. 14, supra.*

[5] *Cox* v. *Road District*, 118 Ark. 119, 176 S. W. 676.

[6] *Holt* v. *Ring*, 177 Ark. 762, 9 S. W. 2d 43.

[7] *McRaven* v. *Clancy*, 115 Ark. 163, 171 S. W. 88. See, also: *Voss* v. *Reyburn*, 104 Ark. 298, 148 S. W. 510; *Norton* v. *Bacon*, 113 Ark. 566, 168 S. W. 1088; *Bell* v. *Phillips*, 116 Ark. 167, 172 S. W. 864; *Paschal* v. *Swepston*, 120 Ark. 230, 179 Ark. 339; *Pope* v. *City of Nashville*, 131 Ark. 429, 199 S. W. 101; *Kempner* v. *Sanders*, 155 Ark. 321, 244 S. W. 356; *Jarrett* v. *Baird*, 161 Ark. 31, 255 S. W. 564; *Selz*

In *Smith* v. *Improvement District No. 14, supra,* Mr. Justice Hart, in speaking of the extent and character of the district, stated that they should "substantially" comply with the terms of the petition. This expression, however, was quoted from *Kraft* v. *Smothers,* 103 Ark. 269, 146 S. W. 505,[8] which was an opinion handed down by Mr. Justice Hart a year before the Smith-Improvement District Case was decided. In the latter case there appears the language quoted *supra,* holding that a special limited jurisdiction is conferred upon the city council to lay off the district as designated by the property owners in the first petition. It was then said that "the council must conform *strictly* to the authority conferred upon it." [Italics supplied]. Fifteen years later, in the Holt-Ring Case,[6] the language used by Mr. Justice Hart in the Kraft-Smothers Case again appears in a decision holding that it is the duty of the city council to pass an ordinance in "substantial" compliance with the terms of the petition upon which it is based. In the meantime, however, there appeared the holding in the Cox-Road District Case[5] where it was said that "all of [the] decisions make it plain that there must be no uncertainty about the improvement proposed."

In *Bennett* v. *Kelley,* 179 Ark. 530, 16 S. W. 2d 992, a more liberal construction, or rule, was adopted, in a holding that where the notice was at variance with the petition and ordinance, and where, from a comparison of the ordinance with the petition an interested party could have ascertained that the variance was but a misprision or typographical error, no legal prejudice resulted. In the Kelley-Bennett Case the northeast corner of lot 4, block 5, etc., was described as the northwest corner of lot 4, block 5. Mr. Justice Kirby said: "These patent clerical or typographical errors in the published description of the boundaries of the district did not invalidate the ordinance creating it."

v. *Paving District No. 1 of McGehee,* 173 Ark. 245, 292 S. W. 133; *Dunbar* v. *Street Improvement District of Dardanelle,* 172 Ark. 656, 290 S. W. 372.

[8] *Bennett* v. *Kelley,* 179 Ark. 530, 16 S. W. 2d 992.

In the instant case there is no allegation or even a suggestion that property was erroneously included in the district for purposes of taxation. Whether paving on Second street ended at Prairie street, or was extended to Vine (as the erroneous publication would indicate), boundaries of the district for betterment assessments are not affected. The ordinance was in the language of the petition; only the notice, with its duplication of the description, is complained of.

The chancellor properly sustained appellee's demurrer to the complaint. Affirmed.