Linder *v.* Street Improvement District No. 9 of Crossett.

5-650                                      274 S. W. 2d 470

Opinion delivered January 17, 1955.

*Glyn Sawyer,* for appellant.

*William S. Arnold,* for appellee.

Ed. F. McFaddin, Associate Justice. The question on this appeal is whether the omission of seven words in the published notice of hearing for creation of the

appellee Improvement District, was sufficiently material as to invalidate such notice.

The facts are not in dispute: on October 6, 1954, the petition for creation of the District was duly filed with the City Clerk of Crossett, and the description of the District in that petition was admittedly correct. The published notice—required by § 20-104, Ark. Stats.— stated that the Council meeting to consider the petition would be held on November 1, 1954. Seven words were omitted from that notice. The description of the boundaries of the District is quite lengthy; but the portion here concerned is in Block 18. The correct description reads: ". . . thence along the West line of Lots 7, 6 *and* 5, *Block* 18, to the *Southwest* corner of Lot 5, Block 18; thence Westerly and parallel to East Third Avenue to the West line of Block 18, . . ."

But as published, the same portion of the description read: " . . . . thence along the West line of Lot 7, 6 corner of Lot 5, Block 18; thence Westerly and parallel to East Third Avenue to the West line of Block 18; . . . " The omitted words (which we have italicized) were; " . . . . and 5, Block 18, to the Southwest . . . . " Appellant argues that the omitted words made it possible for someone to think that the line on the West side of Lots 7 and 6 stopped at the *Northwest* corner of Lot 5 instead of the *Southwest* corner; and that such description, so stopping at the Northwest corner, would allow the District to include a parcel of land 91.5 x 163.9 feet in Lot 3, whereas such parcel was not in the District.

The City Council met on November 1, 1954. It found that the petition had the requisite number of signatures, granted the petition, and duly enacted ordinance No. A-123, creating the District and naming the Commissioners (see § 20-109 Ark. Stats.). The said ordinance, both as enacted and published, correctly described the boundaries of the District. The Commissioners began to function, and then this suit was filed. The owners of the tract, 91.5 x 163.9 feet in Block 3, are Mr. and Mrs. Lawson, who signed the original petition and who have never

raised any objection. But the appellant, as the owner of other property, has filed this suit claiming the error in the published notice to be a fatal defect. The Chancery Court held that the defect in the published notice was not fatal, and dismissed the complaint. We affirm that decree.

The appellant relies on the cases of *Voss* v. *Reyburn,* 104 Ark. 298, 148 S. W. 510; *McRaven* v. *Clancy,* 115 Ark. 163, 171 S. W. 88; and *Paschal* v. *Swepston,* 120 Ark. 230, 179 S. W. 339. But the case at bar is not ruled by those cases relied on by the appellant. Rather, the case at bar is ruled by the cases cited by appellee, some of which are *Johnson* v. *Hamlen,* 148 Ark. 634, 231 S. W. 6, *Castle* v. *Sanders,* 160 Ark. 391, 254 S. W. 674; *Bostick* v. *Pernot,* 165 Ark. 581, 265 S. W. 356; *Bennett* v. *Kelley,* 179 Ark. 530, 16 S. W. 2d 992; and *American State Bank* v. *Street Imp. Dist.,* 197 Ark. 986, 125 S. W. 2d 796.

It will be noticed that the appellant relies on the earlier cases, beginning with *Voss* v. *Reyburn* in the 104th Ark. and ending with *Paschal v. Swepston* in the 120th Ark. It is true that, in these earlier cases, the Court in effect held that where the published notice varied from the real description by a jot or a tittle, then the published notice was void. As evidence of this, we find in *McRaven* v. *Clancy,* 115 Ark. 163, 171 S. W. 88, the Court, speaking through Mr. Justice Wood, said: "the omission from the publication of one lot which was included in the petition and ordinance creating the district can not be said to be an immaterial variance."

But the later cases have departed from the jot and tittle rule of the earlier cases. Beginning with *Johnson v. Hamlen,* 148 Ark. 634, 231 S. W. 6, and continuing to *American State Bank* v. *Street Imp. Dist.,* 197 Ark. 986, 125 S. W. 2d 796, the cases reflect the holding that a mere error in the printed notice will not be fatal to the description unless such error is material or serious. In *Johnson* v. *Hamlen, supra,* the printed notice said "51 degrees West", whereas it should have read "41

degrees West." In holding the error immaterial, Mr. Justice Frank Smith said: "This discrepancy is unimportant . . . . "

In *Bostic* v. *Pernot,* 165 Ark. 581, 265 S. W. 356, the enacting portion of the ordinance, as published, contained an error in description, whereas the preamble portion of the published ordinance was correct. Mr. Justice Wood (who had written some of the earlier opinions) said that the cases of *Voss* v. *Reyburn* and *McRaven* v. *Clancy* were differentiated from the *Bostick-Pernot* case because " . . . . In those cases the publication of the ordinance failed to include lands that were embraced in the petitions for and in the ordinances creating the districts. It is not so here."

In *Bennett* v. *Kelley,* 179 Ark. 530, 16 S. W. 992, the publication of the ordinance creating the District did not show the boundaries exactly as in the petition and ordinance, in that the publication contained a description that included a small portion of territory that was not really in the District. In holding such error in the publication to be immaterial, Mr. Justice Kirby said:

"Neither can the other alleged variance in the boundary of the District in the publication of the ordinance . . . . be regarded as so material or important as to affect the validity of the organization of the District . . . . The amount of the territory included is negligible, being only a small strip. . . . These patent clerical or typographical errors in the published description of the boundaries of the District did not invalidate the ordinance creating it."

In *American State Bank* v. *Street Imp. Dist.,* 197 Ark. 986, 125 S. W. 2d 796, most of our earlier holdings were reviewed; and we there followed the later cases. Under the rule of these cases, the typographical error or misprision in the published notice here involved was not sufficient, under the facts, to invalidate the notice.

Therefore, the decree is affirmed.