LOETSCHER *v.* BASELINE SEWER IMP. DIST. No. 201

5-2898                                                        361 S. W. 2d 257

Opinion delivered October 29, 1962.

*James L. Sloan,* for appellant.

*William M. Dabbs, Jr.* and *Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant is the owner of real property within the boundary of the Baseline Sewer Improvement District No. 201, Pulaski County, Arkansas which is a suburban improvement district organized under Ark. Stats. 20-701 *et seq.*

The appellees filed in the office of the County Clerk in Pulaski County a petition for the formation of such district which petition is in proper form and was properly filed and, acting under the statute, the County Clerk of Pulaski County published in a daily newspaper on January 5, 1961, a notice of the public hearing on said petition to be held in Pulaski County Court on January 19, 1961. This notice was published the second time on January 13, 1961, or eight (8) days after the first publication and six (6) days before the date of the public hearing.

The appellant has brought this action in the Pulaski Chancery Court alleging that the notice of the hearing was not "published once a week for two weeks"—within the meaning of the statute. The publication of the notice is for the purpose of advising the people having property within the district of the date of hearing on the petition for the formation of the district in order that such property owners may attend and protect their rights. We have many times held that the publication of the notice is jurisdictional. *American State Bank of Charleston* v. *Street Improvement Dist. No. 3 of Charleston,* 197 Ark. 986, 125 S.W. 2d 796. The same holding has been applied to the matter of tax sales and the sole issue that confronts us here is whether the publication of the notice of petition and hearing complies with the requirements of the statute which is Ark. Stats. 20-702:

"Said notice shall be published *once a week for two [2] weeks* in some newspaper published and having a *bona fide* circulation in the county where the lands affected are situated. This notice may be in the following form: * * *" [Emphasis added]

Approaching that statute from a common sense angle it is first apparent that the property owner is assured

of two (2) weeks notice. While it is true, as appellees point out, that one theory of a week might be based on the biblical or calendar week under which the term *"week"* would commence on Sunday and end on Saturday, the statutory week has been the theory under which our conclusions on the matter of notice have been universally bottomed. In *Raum* v. *Leach,* 53 Minn. 84, 54 N.W. 1038, it was held that a notice to be published for "two (2) weeks" requires an interval of fourteen (14) days between the first publication and the events stated in such notice. We therefore first ascertain if fourteen (14) days did elapse between the first notice and the date of the hearing.

It is conceded that the first notice was published on January 5, 1961. January 5, 1961, was on Thursday and counting seven (7) days from and including the fifth would close the first week with the eleventh. The second hebdomad includes the twelfth through the eighteenth. Since the notice was in publication on the fifth advising the property owners of the proposed hearing, the fifth cannot be eliminated from consideration. Therefore an elementary calculation of the days that intervened between the date of the first publication and the date of the hearing reflects that fourteen (14) days elapsed. See also Ark. Stats. 27-130.

Many excellent citations with which counsel have favored us deal for the most part with tax sales where it was shown that the notice had not run for the full statutory time. Since we find that in this case the notice did run for the full statutory period, we do not lengthen this opinion with the citations which have been given us in that respect.

The second contention of appellant is that the second publication should have been published seven (7) calendar days apart from the preceding publication to be at least seven (7) days prior to said hearing. In the case of *Byrne* v. *Less,* 92 Ark. 211, 122 S.W. 635, we had a case in which a second notice under the statute was published on the fifteenth day rather than on one of the days be-

tween the 8th and 14th days inclusive, and it was there held that the once a week, or weekly for two weeks, requirement had not been complied with.

Not so in the instant case. The first notice, as has been stated, was published on the fifth. The publication of that notice sufficed for a publication in the week from and including the fifth through the eleventh. The second weekly period in which a notice must be published ran from and included the 12th through the 18th. The notice was published on the 13th which is one of the days within the second week. The statute says the notice shall be published once a week for two weeks. The use of the word *"for"* in this connection means *"during"*. It would not have sufficed under this statute if the second notice had been published, for example, on the tenth and not thereafter for the tenth would be one of the days within the first week.

There is nothing in the statute that connotes an intention by the Legislature that any specific time is to be observed within that second week. Neither the designation of the lapse of a specific time between the last publication and the date of hearing, nor the phrase "shall be published .......... days before the day fixed for the hearing" are strangers to the Legislature, which body employed this expression in the formation of municipal improvement districts:

"* * * it shall be the duty of the City or Town Clerk or Recorder to give notice that such petition will be heard at a meeting of the City or Town Council named in the notice, which will be held more than fifteen [15] days after the filing of such petition. Such notice shall be published once a week for two [2] weeks, the last insertion to be not less than seven [7] days before the date fixed for the hearing." [Ark. Stats. 20-104]

Therefore, it appears clear that had the Legislature intended a lapse of time between the second notice and the hearing it would have so stated. That was its perogative. It is not ours. A clear interpretation in this connection

is found in *Koch* v. *Mack International Motor Truck Corp.,* 201 Md. 562, 95 A. 2d 105, quoting Merrill on Notice, § 668.

"Questions arise concerning specifications that publication shall be 'for' a certain number of weeks before an event. A week in this sense means seven days and the prescription can be satisfied only by publication starting the specified multiple of seven days prior to the effective date. [*Fisher* v. *Booher,* 269 Ky. 501, 107 S.W. 2d 307] However, if the several publications are to be once a week for a specified number of weeks, the spacing need—not be exactly seven days apart, provided there is one appearance in each period of seven days and the proper number of hebdomads intervenes—between the initial publication and the effective date."

We therefore find that the statutory notice was published for the full time required by the statute and that the publication on the 13th of January, 1961, of the second notice falls within the statute. The chancellor so found and the decree in this case is accordingly affirmed.

GEORGE ROSE SMITH, J., not participating.