BOARD OF IMPROVEMENT DISTRICT No. 60 v. COTTER.

Opinion delivered October 24, 1903.

1. IMPROVEMENT DISTRICT—SUFFICIENCY OF PETITION OF RESIDENT OWNERS.—Under Sand. & H. Dig., § 5322, providing that when any ten resident owners of real property in any city or town shall petition the council for a local improvement, the council shall create an improvement district as asked, held, that to be competent to sign the petition for the creation of an improvement district, a person must not only be an owner of real estate therein, but also a resident thereof; also that the filing of the required petition, signed by ten resident property owners, was mandatory and jurisdictional. (Page 558.)

2. SAME—TWENTY DAYS' LIMITATION.—Sand. & H. Dig., §5336, providing that any person who may feel aggrieved by an assessment upon the property of an improvement district may within twenty days after publication of the ordinance levying the assessment, commence legal proceedings to test the validity of such assessment, or else be forever barred, does not cut off objections to the validity of establishment of the improvement district. (Page 561.)

Appeal from Pulaski Circuit Court.

JESSE C. HART, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

This action was instituted by the appellant, as plaintiff in the court below, for the purpose of collecting certain assessments which it alleged were due and remained unpaid by the appellee. The complaint alleged that such assessments were levied by the city council of Little Rock against certain real estate lying within the boundaries of Improvement District No. 60 in said city, which belonged to appellee, and that the sums so due and unpaid were liens upon the lots and parcels of land described in the complaint. The complaint prayed that the said lots be sold for the satisfaction of such lien.

To the complaint the defendant below (appellee here) filed both an answer and an amended answer. The amended answer contained two paragraphs, the substance of which is as follows:

(1)    That the said Improvement District No. 60 was never established, laid off, and the boundaries thereof designated, in the manner required by law, in that the original petition upon which the city council of Little Rock attempted by ordinance to establish said district was not signed by as many as ten persons who were owners of lands, and who reside, within the portion of the city described in said petition and in said ordinance; that in fact only six of the signers of said petition were residents of that portion of the city.

(2)    That the proceedings of the city council were void for the reason that the second petition, as provided for by section 5324 of Sandels & Hill's Digest, was not signed by a majority in value of the owners of real property within such district, or their duly authorized agents.

The appellant interposed a general demurrer in the court below to both the original and amended answer, alleging as grounds thereof that neither the answer nor either paragraph of the amended answer alleged facts sufficient to constitute a defense, counterclaim, or setoff to plaintiff's claim, and also that the defendant was estopped from setting up the facts set out in the second paragraph of his amended answer.

The cause was heard in the lower court upon this demurrer, and the chancellor sustained the same as to paragraph No. 1 of the amended answer, but overruled it as to No. 2 thereof. Exceptions were saved by the appellee to the action of the court in sustaining the demurrer to said paragraph No. 1.

The appellant also saved exceptions to the action of the court in overruling its demurrer to paragraph two of the amended answer, and to the decree dismissing the complaint for want of equity, and elected to stand upon its demurrer to paragraph two of the amended answer, and prayed an appeal to this court, which was granted.

*J. H. Carmichael*, for appellant.

Cities are created by the legislature, and derive all their powers from it.    33 Ark. 497; 33 Ark. 508; 43 Ark. 324.    The objection to the assessment should have been made to the council, and legal proceedings should have been commenced within twenty days.    Sand. & H. Dig. § 5336; 87 Cal. 40; 1 Martin, Ch. Dec. 192.    It must be shown that there was no ratification.    59 Ark.

344. A corporation cannot take advantage of the erring of its officers. 2 Cook, Corp. § 725; 180 Pa. St. 480; 36 Atl. 1080. Appellee was estopped to deny the validity of the assessment. 4 Ohio, 185; 68 Fed. 849; 25 U. S. App. 354; 16 C. C. A. 28; 96 Wis. 578, 317; 58 Kans. 419; 46 S. W. 348. If a company has power to own land, they have power to improve it. 66 Mass. 1; 19 N. Y. Sup. 285. A corporation, having availed itself of the benefit of a contract of purchase, is estopped from setting up the fact that the agent exceeded his powers in making the purchase. 57 Mo. 94; Green, Ultra Vires, 474, 484; 90 N. C. 417; 65 N. Y. 576. Assuming that the evidence did not show authority, the act was approved and ratified by disposing of receiving of the avails of the bonds. 128 Pa. St. 118; Taylor, Priv. Corp. §§ 196-199. The corporation cannot disaffirm the contract, and at the same time keep the benefits which have accrued under it. Thomps. Corp. §§ 6016, 5246, 4938, 3961. Formal assent upon the record is not necessary. 4 Thomps. Corp. §§ 4661, 5258; Ewart, Estop. 501, 503; 59 Cal. 206; 87 Cal. 149.

*Dan W. Jones, Arthur Neill, W. S. & F. L. McCain,* for appellee.

A statute ought to be construed so that no clause or word shall be void, superfluous or insignificant. 2 Ark. 250; 11 Ark. 44; 17 Ark. 608; 28 Ark. 200. When the language is unambiguous, there is no room for construction. 56 Ark. 110; 24 Ark. 487. The demurrer was properly overruled. 52 Ark. 511; 55 Ark. 473; 62 Ark. 33; 50 Ark. 127; 69 Ark. 68; 44 La. An. 863. The consent of a majority of the owners is jurisdictional, and the failure to obtain it is fatal to all proceeding under it, and renders them null and void. 59 Cal. 206; 79 Cal. 388; 87 Cal. 46; 46 Ark. 105.

R. E. L. JOHNSON, Special J., (after stating the facts.) The question to be determined in this case involves the construction of section 5322 of Sandels & Hill's Digest, which reads as follows:

"When any ten resident owners of real property in any city, or incorporated town, or any portion thereof, shall petition the city or town council to take steps toward the making of any such local improvement, it shall be the duty of the council to at once lay off the whole city or town, if the whole of the desired improvement be general and local in its nature to said city, or town, or

the portion thereof mentioned in the petition, if it be limited to a part of said city or town only, into one or more improvement districts designating the boundaries of such district so that it may be easily distinguished; and each district, if more than one, shall be designated by number and by the object of the proposed improvement."

It is urged by counsel for appellant that the phrase "when any ten resident owners of real property in any such city, or incorporated town, or any portion thereof, shall petition," etc., should be construed to mean that any ten persons who are residents of any such city or incorporated town, and who are owners of real estate within the proposed district, but who do not actually reside within such proposed district, are competent to sign the petition prescribed by the said section. In other words, that the owning of real estate within the proposed district is the essential requisite to the signing, and that the residence is secondary. The appellee, on the other hand, contends that, under the language of such section, it is contemplated that, in order that a person be competent to sign the petition provided for therein, he must be a resident and the owner of real property within such proposed district.

It will be noted that the first paragraph of the amended answer sets up that, at the time of the filing of the petition with the city council asking for the establishment of the district involved herein, it did not contain the names of ten resident owners of real property in the proposed district. And it was also alleged therein as a fact that only six of such signers were at the time of the filing of the petition residents of the district proposed to be, and which was attempted to be, established. The demurrer, of course, for the purposes thereof, admitted that the facts set out in the paragraph as above were true. The chancellor, by sustaining the demurrer to this paragraph, held that any person who was a resident of the city or town outside of the proposed district was competent to sign the petition, provided such person was the owner of real property therein. Was the learned chancellor's ruling correct?

In construing the language of a statute, the words used are to be understood in the sense in which they best harmonize with the subject of the enactment and the object which the legisture had in view. Endlich, Int. Stat. § 73. The improvement

district laws of this state were enacted for the evident purpose of giving effect to § 27 of art. 9 of the Constitution of 1874, and therefore such enactments are based upon such provision of the constitution.    The constitutional provision mentioned grants the legislature power to enact statutes empowering cities and towns, through their municipal governments, to levy assessments for the purposes of local improvements.    The constitutional provision itself is evidently based upon the principle of local self-government, for it provides that, in order to authorize the levy of assessments, there must first be procured the consent of a majority in value of the owners of the real property to be affected.    This court has held, in construing the effect of these statutes, that they, as well as the constitutional provision upon which they were based, had their origin in the principle of local self-government. *Crane* v. *Siloam Springs,* 67 Ark. 30, 55 S. W. 955.    We make mention of these matters to show that the legislature, in the enactment of the section above quoted, was seeking to carry out to its full measure the principle of local self-government, and, in the use of the words embodied in the phrase under consideration, meant to and did prescribe, first, that in order to the establishment of an improvement district, where the nature of the improvement affected the whole of a city or incorporated town, such should be petitioned for by at least ten residents of such city or town; second, that, should only a portion of the territory of the municipality be affected, and only a portion thereof be desired as a district, then ten resident owners of real estate in such portion of the territory shall sign a petition likewise.

The statute not only contemplates the establishment of a district out of any portion of the territory of a municipality, as well as out of the whole thereof, but it is also true that after the same is established it is a separate and independent district, so far as the municipality or any other district is concerned, possessed of the same inherent powers and clothed with the same authority that all the other districts are.    This being true, it would seem clear that the legislature prescribed that, in order to the establishment of a district covering only a portion of such territory, precisely the same proceedings should be required as of a district where the whole territory of a municipality might be affected thereby.    That is to say, if the whole of a city or town is included in a district, ten resident property owners of the whole city or

town must sign the petition, and, if only a portion is included, ten persons of the same class must sign. This construction of the language of the section certainly comports with the idea of local self-government, and preserves to the resident owners of real property within the affected locality the right in the first instance to say what their will and choice is on the question of the establishment of the district. And this construction, from this viewpoint, is in line with Mr. Endlich when he says that a statute should be construed with reference to the purpose and object of the law. It furthermore recognizes the fact that a resident owner of real property in a given district is more interested in both the burdens and the benefits that arise by reason of an improvement than he who only owns real estate therein. It is the duty of the court, in construing a statute, to give effect to every word and clause thereof, so that none are rendered void, superfluous, or insignificant. *Dunn* v. *State,* 2 Ark. 250; *Wilson* v. *Biscoe,* 11 Ark. 44; *Lytle* v. *State,* 17 Ark. 608; *McNair* v. *Williams,* 28 Ark. 200. Again, this court, quoting from Sutherland on Interpretation of Statutes, has said: "Statutes which impose burdens and liabilities unknown to the common law should be construed strictly in favor of those upon whom such burdens are imposed." *Watkins* v. *Griffith,* 59 Ark. 356.

We feel that there is no doubt but that the chancellor erred in sustaining the demurrer to paragraph 1 of the amended answer herein.

The provisions of section 5336, prescribing twenty days' limitation upon property owners, does not apply to any matter involving the validity of the establishment of the improvement district. *Crane* v. *Siloam Springs, supra.*

The filing of the petition prescribed by section 5322, *supra,* supported by the signatures of ten resident property owners of the proposed district, was mandatory and jurisdictional. It follows that all the proceedings of the city council in the attempted establishment and operation of Improvement District No. 60 were void.

This court so finding, it will be unnecessary to consider any other question raised herein.

The appellant admitting in this court that the facts stated in paragraph one of the amended answer are true, it follows that the decree is affirmed.

BATTLE and HUGHES, JJ., and R. L. SEARCY and E. A. MC-CULLOCH, Sp. JJ., concur; BUNN, C. J., WOOD and RIDDICK, JJ., disqualified.