RIDDLE v. BALLEW.

Opinion delivered July 2, 1917.

LOCAL IMPROVEMENT—FORMATION—OMISSION OF PROPERTY NAMED IN ORIGINAL PETITION.—The organization of a local improvement district is invalid where the ordinance establishing the district as prayed for omits certain portions of land included by the property owners in the original district.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*Gregory & Holtzendorff,* for appellant.

1. This is a direct attack upon the validity of the district. The petition included the south half of blocks C and D. The ordinance creating the district omitted these two half blocks. The petition is jurisdictional, and the failure to embrace these half blocks in the ordinance was fatal. 104 Ark. 298; 115 *Id.* 163.

*Emmet Vaughan,* for appellee.

The property was nonassessable, and it was not material that it be included in the ordinance. 86 Ark. 205;

42 *Id.* 536; 56 *Id.* 354; 12 L. R. A. 852; 62 Md. 127; 26 N. E. 403; 126 Ind. 261, etc.

STATEMENT BY THE COURT.

On the 29th of August, 1916, twenty-three persons claiming to be the owners of certain real property within certain territory in the incorporated town of Des Arc presented their petition to the town council for the organization of an improvement district for the purpose of building sidewalks and crossings within said territory, which is as follows: "All of blocks 2, 3, 10, 11, 18 and 19 in the Erwin survey of said town; all blocks 17, 19, 20 and the south half blocks C and D, 21, 22, 23; and also all of blocks 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 69, 70, 71 and 72, in the Watkins' survey of said town."

The town council passed an ordinance establishing the district as prayed for, except as to the south half of blocks C and D. This was omitted from the ordinance creating the district.

In a second petition, in which the property was described as in the first, a majority in value of the property owners petitioned for the appointment of commissioners. This suit was instituted by the appellant, who was a citizen and taxpayer of the proposed district, and in his complaint he alleged the above facts, and asked that the appellees, who were commissioners of the proposed district, be perpetually enjoined from issuing bonds or making any improvement under the ordinance creating the district.

The answer admitted that the south half of blocks C and D were omitted from the ordinance establishing the districts, but set up that this did not invalidate the ordinance for the reason that the land omitted was dedicated by the original owners who had laid out and incorporated the town as a public park and for church purposes, and that from the time of such dedication the land omitted had been maintained as a public park and for

church purposes and was therefore not subject to assessment for local improvements.

There was also a general demurrer to the complaint, which the court sustained, holding that inasmuch as the land omitted was dedicated by the owners to the town of Des Arc for the use of the public for church purposes and other purposes for the free and beneficial use of the public it was not subject to assessment for local improvements, and that not being taxable it was immaterial and nonprejudicial to the district, that the same was not included in the publication of the ordinance establishing the district, and dismissed the complaint for want of equity.

WOOD, J., (after stating the facts). In *Bell* v. *Phillips,* 116 Ark. 167, quoting from *Kraft* v. *Smothers,* 103 Ark. 269, 272, we said: "The foundation of the improvement was the petition of the owners of real property situated in the proposed district. Under the statute, the extent and character of the improvement as expressed in the ordinance must substantially comply with the terms of the petition upon which it is based."

We also quoted from *Smith* v. *Improvement Dist.,* 108 Ark. 141, 144, as follows: "Our statute requires, as a prerequisite to the exercise of the authority conferred upon the city council, that a petition be first filed designating the boundaries of the district so that it may be easily distinguished. This is for the benefit of the property owners. * * * A special limited jurisdiction is conferred upon the city council to lay off the district as designated by the property owners in the first petition, and the council must conform strictly to the authority conferred upon it."

In *Board of Improvement No. 60* v. *Cotter,* 71 Ark. 556, we held that, "the filing of the required petition signed by ten resident property owners was mandatory and jurisdictional." See, also, *Whipple* v. *Tuxworth,* 81 Ark. 403; *Boles* v. *Kelley,* 90 Ark. 29.

In *Voss* v. *Reyburn,* 104 Ark. 298, we held, quoting syllabus, "Where an attempted publication of an ordi-

nance creating an improvement district omitted two half blocks from the proposed improvement district, the variance is material and destroys the validity of the attempted organization.''

And in *McRaven* v. *Clancy,* 115 Ark. 163, we held, quoting syllabus: ''In the organization of a local improvement district under Kirby's Digest, section 5666, a certain lot was omitted from the publication, although it was included in the original petition and the ordinance. *Held,* the statute is mandatory and a proper publication being jurisdictional, the statute must be strictly complied with, and the district held not to be properly organized.''

It would seem from the doctrine of these cases that as the petition for the establishment of the district is jurisdictional, the city council has no authority to establish a district, the boundaries of which are not in conformity with the territory as described and set up in the petition. It is not within the power of the council to amend the petition of the property owners. This the property owners could do themselves and conform their petition by way of description to such property as they might ascertain would meet with the approval of the council and insure the creation of the district in accordance with their wishes. But here this was not done, and the ordinance creating the district and all proceedings thereunder are therefore void.

We do not reach the question as to whether or not the lands included in the original petition, but omitted from the ordinance, were subject to assessment for local improvements, and we therefore leave that question where it was under our statute and decisions prior to the lodging of this appeal.

It was for the property owners, and not the council, to determine what property they desired to have included within their improvement district, and the council could not determine that question for them without their consent as expressed in a petition in conformity with the

statute. Neither had the chancery court any jurisdiction to determine that question for the property owners.

It follows that the court erred in holding that the ordinance establishing the district as indicated was valid, and for this error the decree is reversed and the cause remanded with directions to enter a decree granting the appellant the relief prayed for in his complaint.