SELZ v. PAVING DISTRICT No. 1 OF McGEHEE.

Opinion delivered March 21, 1927.

1. MUNICIPAL CORPORATIONS—PRELIMINARY PETITION FOR IMPROVE-
   MENT.—The foundation of a municipal improvement district is a petition of ten owners of real property situated in the proposed district, and the provisions of the statute relative thereto are mandatory.

2. MUNICIPAL CORPORATIONS—VALIDITY OF PRELIMINARY PETITION.—
   A proceeding for a paving improvement was not rendered invalid because the first petition asked that the cost of the improve-

ment be assessed by the front foot rule, as such request was surplusage.

3. MUNICIPAL CORPORATIONS—NECESSITY OF PRELIMINARY PETITION FOR IMPROVEMENT.—The statutory requirement that the preliminary petition for a municipal improvement district be signed by ten owners of real property and describe the boundaries of the district, so that it may be easily distinguished, is essential to the jurisdiction of the city council.

4. MUNICIPAL IMPROVEMENT—MODE OF ASSESSING BENEFITS.—Assessment of benefits for paving improvements cannot be made by the front foot rule, but all proper elements of benefits, including frontage of the property, should be considered by the assessors.

5. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—NOTICE TO PROPERTY OWNERS.—A proceeding for an improvement is not void because the notice to the property owners of the filing of the second petition was signed by the mayor and attested by the recorder, instead of being signed by the recorder alone.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

STATEMENT OF FACTS.

Appellants brought a suit in equity against Paving District No. 1 of McGehee, one of the appellees, to enjoin it from proceeding further in the matter of the sale of bonds or with the work of constructing the improvement. Appellants brought a similar suit against the Curb and Gutter, Storm Sewer and Street Crossing District No. 1 of McGehee. The same issues are involved in the two suits, and they were consolidated for the purposes of trial.

It is alleged that the establishment of the improvement district was void because the first, or preliminary, petition contains the provision that the cost be assessed against the real property in the district on a front-foot basis. It is further alleged that the notice to the property owners required to be given by the statute was signed as follows: "P. L. Neville, mayor. Attest: Mrs. E. E. Durain, recorder," when it should have been signed merely by the recorder or city clerk. Each appellee admitted in its answer these allegations of the complaint. They also set up a state of facts showing that they had

complied with the statutes in all substantial respects in forming the improvement districts. It further alleged a state of facts showing that all proper elements of benefits were given due consideration in the assessment of benefits.

Appellants filed a demurrer to the answer, which was overruled. Thereupon appellants announced that they would stand upon their demurrer, and refused to plead further. Whereupon the court found that the complaint in each of said cases should be dismissed for want of equity. It was decreed that the complaint in each case should be dismissed for want of equity, and the case is here on appeal.

*Charles Jacobson,* for appellant.

*P. S. Seamans, Robinson, House & Moses* and *A. A. Poff,* for appellee.

HART, C. J., (after stating the facts). This court has held that the foundation of the improvement is the petition of ten owners of real property situated in the proposed district, and that the provisions of the statute are mandatory and jurisdictional. *Board of Improvement District No. 60* v. *Cotter,* 71 Ark. 556, 76 S. W. 552; *Kraft* v. *Smothers,* 103 Ark. 269, 146 S. W. 505; *Smith* v. *Imp. Dist. No. 14 of Texarkana;* 108 Ark. 141, 156 S. W. 455, 44 L. R. A. N. S. 696; and *Bell* v. *Phillips,* 116 Ark. 167, 172 S. W. 864.

Under the averments of the answer, which are admitted by the demurrer, the provisions of the statute with regard to the filing of the preliminary, or first, petition were complied with, but it is contended that the proceeding was rendered void because the first petition asked that the cost be assessed against the property on a front-foot basis, which is contrary to our Constitution on the subject, as construed in *Little Rock* v. *Katzenstein,* 52 Ark. 107, 12 S. W. 198, and later decisions of this court. We do not agree with counsel in this contention. It is true that the provision of the statute requiring the preliminary petition to be signed by ten owners of real property and to describe the boundaries of the district, so that it may

be easily distinguished, is essential to the jurisdiction of the council in laying out the district, and that these facts must appear or the proceedings will be void. The provisions of the statute are in the nature of conditions precedent to the right to lay off the improvement district, and must be obeyed or the proceedings will be adjudged invalid, when properly brought before the courts for review. The statute under consideration does not contain any requirement as to how the assessment of benefits shall be made. Under our Constitution, the assessment of benefits cannot be made on what is commonly called the front-foot rule, but all proper elements of benefits, including the frontage of the property, its valuation, including the valuation of the buildings, etc., must be considered by the assessors in compliance with the principles of law laid down in *Kirst* v. *Street Imp. Dist. No. 120,* 86 Ark. 1, 109 S. W. 526, and later decisions of this court.

According to the averments of the answer, in assessing the benefits, the fact that the first petition asked that the benefits be assessed according to the front-foot rule should be treated as surplusage. It had no proper place in the first petition, and was not in any sense essential to be alleged in order to give the council jurisdiction to lay out the improvement district. It was the duty of the council to lay out the district when the preliminary, or first, petition required by the statue was filed with it. It knew that the Constitution provided in what manner the benefits should be assessed, and that the provision of the Constitution could not be disregarded in assessing benefits. Therefore the provision of the Constitution would be considered as controlling in the premises, and the allegation of the petition that the benefits should be assessed according to the front-foot rule would be of no avail. It had no proper place in the preliminary petition for the improvement, for the reason that the statute prescribed what its contents should be, and anything not required to be stated should be treated as surplusage. *Deane* v. *Moore,* 112 Ark. 254, 165 S. W. 639.

Again, it is insisted by counsel for appellants that the decree should be reversed because the notice to the property owners was signed by the mayor and attested by the recorder, when the statute provides it should be given by the recorder. The object of the statute in giving notice to the property owners that the second petition, which is required to be signed by a majority in value of the owners of real property in the district, is for the benefit of the property owners. It notifies them that the second petition will be presented to the council, and gives them an opportunity to oppose it. The requirement of the statute that the city clerk or recorder shall publish the notice was doubtless made because it was the duty of such clerk to keep the records of the city council, and, as the custodian of such records, he would be the proper person to give the notice. In the case at bar, the notice was signed by the mayor and attested by the city clerk. This was a substantial compliance with the statute. It was not necessary for the mayor to sign the notice, but the fact that he did sign it did not vitiate it, and it should be treated as surplusage. The notice was mandatory and jurisdictional, as held in *Crane* v. *Siloam Springs,* 67 Ark. 30, 55 S. W. 955, but it was substantially complied with when it was signed by the clerk. When it was so signed, this imported verity to it, and the property owners would be bound by what it contained, notwithstanding the fact that it was also signed by the mayor.

The result of our views is that the decree of the chancery court in each case was correct, and it will therefore be affirmed.