## McLEMORE *v.* HERIOT.

4-8980                                      223 S. W. 2d 502

Opinion delivered October 10, 1949.

*Frank H. Cox,* for appellant.

*Townsend & Townsend,* for appellee.

GRIFFIN SMITH, Chief Justice.   Street Improvement District No. 567 was formed in Little Rock in order that certain paving might be done. The proceeding resulting in this appeal originated with a complaint by taxpayers who alleged invalidity of the organization because two

lots in Cedar Heights Addition were not included. A demurrer to the answer was overruled, hence the record alone is before us.

The controversy is based upon appellant's contention that failure to list for assessment purposes two tracts lying immediately north of West Twentieth Street was a jurisdictional error not susceptible of correction.

Block Four of Cedar Heights Addition was sought to be brought in under the designation, "Lots Four to Nine, inclusive, Block Four, all in Cedar Heights Addition to the City of Little Rock." The lots are in two tiers, No. 1 being the northeast, followed on the south by 2, 3, 4, 5, and 6. The second tier lies immediately west, with Lot 12 on the north. It will be seen that Lots 6 and 7 adjoin 5 and 8 on the south.

It is alleged that "a strip of ground 23 feet wide marked 'B' lies immediately south of Lot 6," and that the same condition exists as to Lot 7, the designation there being "A." But the complaint goes further and says that ". . . south of Lot 7 *in* said Block 4 the strip of land marked 'A' is to be found." Appellant thinks that the District's failure to mention Lots "A" and "B" requires an injunction against the proposed bond issue.

In an effort to cure the defect, if such existed, taxpayers favoring the District proceeded under Act 661 of 1919, Pope's Digest, §§ 7372-77, 2 Ark. Stats. 20-1101, *et seq.,* and procured from Pulaski County Court a judgment of correction. It is urged that the Act conferring this power upon County Courts is unconstitutional when applied to municipal improvement districts; or, if the Act *per se* be valid, the order affecting District 567 was void because it dealt with an indispensable prerequisite. *McRaven* v. *Clancy,* 115 Ark. 167, 171 S. W. 88.

We do not find it necessary to discuss either of these matters. Ownership of the property in question is not shown. In the absence of proof touching initial formation of Block Four, the Court could have found that these 23-foot "strips of ground" were parts of Lots 6 and 7. The only indications of severance are dotted lines run-

ning east and west. But it may be observed that a similar line is drawn across Lot 5, and there is no contention that the cut-off area was not a part of Lot 5. It is possible— even probable—that the dotted lines are arbitrary designations showing where the regular 50-foot lots would end, and that Lots 6 and 7, instead of being 50 feet wide, are 73 feet. We do not know that they would not be appropriately assessed, and the only question is whether the two 23-ft. strips are within the District. Not only does appellee's answer assert that one of the strips is "immediately south of Lot 6 *in said Block Four*," but the demurrer admits this to be true. Since the two strips are similarly situated, one could not be within the block, and the other beyond it.

The case is not like *Riddle* v. *Ballew*, 130 Ark. 161, 197 S. W. 27, where the ordinance establishing a local improvement district omitted property included in the petitions. It was there said that it was for the property owners, and not the council, to determine what descriptions should be contained in the District. But in the case at bar the disputed area was in Block Four, and it is fairly inferable that each 23-ft. strip is a part of the parent lot.

Affirmed.

Mr. Justice FRANK G. SMITH concurs.